```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RAYMOND GONZALEZ, on behalf of himself
and all others similarly situated,

                        Plaintiff,

        -against-                                           20 Civ. 3789 (AT)

CREATIVE RECREATIONS, INC.,                                 ORDER

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/27/2021_

ANALISA TORRES, District Judge:

On May 15, 2020, Plaintiff, Raymond Gonzalez, filed this action against Defendant, Creative Recreations, Inc., alleging violations of the American with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA"), and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin Code §§ 8-101, *et seq.* Compl., ECF No. 1.

On July 8, 2020, Plaintiff moved to adjourn the initial pretrial conference scheduled for July 15, 2020, because Defendant had not appeared in the action. ECF No. 9. Plaintiff asked for 30 days to move for a default judgment. *Id.* The Court granted that request, and directed Plaintiff to move for a default judgment by August 10, 2020. ECF No. 10. Plaintiff failed to comply with that order. On October 15, 2021, the Court directed Plaintiff to move for a default judgment by November 10, 2021. ECF No. 11. Once again Plaintiff failed to comply with that order.

On January 7, 2021, the Court directed Plaintiff to move for a default judgment by January 19, 2021. ECF No. 12. The Court warned Plaintiff that failure to do so would result in dismissal of tis action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Plaintiff failed to do so.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket [balanced]

>against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that these factors weigh in favor of dismissal. First, over one year has now passed since the inception of this case, during which Plaintiff has failed to comply with three Court orders. ECF Nos. 10-12. Second, the Court warned Plaintiff that failure to respond in a timely manner to the Court's order would result in the dismissal of this case. ECF No. 12. Moreover, though Defendant has not appeared in this action, Plaintiff's non-compliance has impeded this Court's ability to manage its docket. Finally, the Court has considered lesser sanctions than dismissal and finds no reason to believe that other sanctions would yield a different result in light of Plaintiff's failure to participate in the case.

Upon weighing these five factors, the Court finds that dismissal is appropriate. Accordingly, the complaint is DISMISSED without prejudice to failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is disrected to close the case.

SO ORDERED.

Dated: September 27, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge